COPY

IN THE SUPERIOR COURT

FOR THE COUNTY OF PROVIDENCE

STATE OF RHODE ISLAND

THOMAS FEELEY and
DIANE FEELY

CIVIL NO. PC- 08-0836

VERSUS

BUFFALO PUMPS, INCORPORATED,
GARLOCK SEALING TECHNOLOGIES, LLC, as successor
by merger to GARLOCK INCORPORATED f/k/a/
GARLOCK CORPORATION
GENERAL ELECTRIC COMPANY
PACKINGS & INSULATIONS CORPORATION,
PIC CONTRACTORS, INCORPORATED,
TACO, INCORPORATED
VIAD CORPORATION for GRISCOM RUSSEL

JURY TRIAL
DEMANDED

## COMPLAINT FOR DAMAGES

The complaint of THOMAS FEELEY and DIANE FEELEY, husband and wife, respectfully represents:

1.

Each of the defendants named in the caption above has conducted business in the State of Rhode Island and has produced, manufactured, or distributed asbestos and/or asbestos containing products with the reasonable expectation that such products would be used or consumed in this State.

2.

Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed (including any claim arising from an act or omission on a federal enclave, or of any federal officer of the U.S. or any agency or person acting under him occurring under color of such office). No claim of admiralty or maritime law is raised. Plaintiffs sue no foreign state or agency. Venue is proper in this court.

3.

Plaintiffs specifically do not assert herein a claim for relief or cause of action for damages:

(A) Against the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress, Treaties or Constitution of the United States of America.; and/or

(B) Against any Defendant named herein where (1) said Defendant acted under the direction, order, specification, and/or comprehensive and detailed regulation of a federal officer or federal agency in the performance of its contract duties; and (2) there is a causal nexus between said claim or cause of action for damages and the federal officer or federal agency=s direction, order, specification, and/or comprehensive and detailed regulation in the performance of the Defendant=s contract duties.

4.

The federal courts lack subject matter jurisdiction over this action as there is no federal question and incomplete diversity of citizenship due to the presence of a Rhode Island defendant.

5.

Plaintiff THOMAS FEELEY was exposed to various asbestos containing products beginning in the 1960's through his use of products manufactured, sold or distributed by the named defendants, including but not limited to exposure occurring through his service in the

U.S. Navy and his work as a plant worker with the Gould / Allied Control in Plantsville, Connecticut and Pratt & Whitney Aircraft in North Haven, Connecticut.

6.

As a result of the exposure to asbestos related products of the named defendants, plaintiff contracted asbestos-related mesothelioma and/or other asbestos-related pathologies.

7.

Named defendants, individually, and through their agents, employees, and/or distributors sold these asbestos containing products to plaintiff, plaintiff's employer, and/or others working with these products around plaintiff.

8.

At all times relevant hereto, the asbestos containing products sold by defendants to plaintiff and/or third parties reached the plaintiff without any substantial change in their condition from the time they were sold.

9.

Defendants instructed and intended that asbestos containing products would be used in conjunction with or incorporated in their products so as to render the entire product unsafe for its intended purposes.

10.

Defendants knew or should have known that the asbestos containing products sold by them, incorporated into their products and/or designed for use with their products, were inherently dangerous to those who used, handled or came in contact with said products.

11.

Defendants failed to provide proper, adequate and correct warnings and information about the dangers associated with the use of their products.

12.

Defendants breached their continuing duty to advise and warn plaintiff and others reasonably expected to come into contact with their products as to the dangers inherent in the unsafe handling and use of asbestos containing products sold by them, incorporated into their products, or intended to be used with their products.

13.

Defendants actions represent a breach of the duty of reasonable care under the common law of the State of Rhode Island and of their duties to plaintiff under the Restatements, Torts 2d, Section 402A.

14.

Additionally, in the sale of the asbestos containing products, named defendants breached their warranties of merchantability and implied fitness found in R.I. G.L.§ 6A-2-314 and 315, in that the produces were inherently dangerous in the form they left the seller, were not fit for their ordinary purpose and/or were unsafe without directions and warnings as to their anticipated use by plaintiff and any person who may be reasonably expected to use, consume or be affected by the products.

15.

Defendants, individually and as agents of one another, engaged in a conspiracy to injure plaintiff by failing to disclose knowledge they had or intentionally misrepresenting the dangers of exposure to asbestos and asbestos containing products.

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUDWICK & SWEENEY, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

16.

As a result of the above acts of negligence, breaches of duties under the Restatement, Torts 2d, Section 402A, and breaches of the warranties of merchantability and implied fitness, plaintiff sustained severe, painful and permanent injuries proximately caused by named defendants conduct.

17.

In addition to damages for physical and mental pain and suffering, plaintiff has suffered medical expenses, loss of earning capacity, lost wages, lost future wages, and future medical expenses.

18.

Plaintiff DIANE FEELEY joins this suit as party plaintiff to assert a claim for loss of consortium, including but not limited to loss of services, lover and affection and other benefits of the marital relationship, suffered a result of the breach of defendants' duties set forth above.

19.

Plaintiffs demand trial by jury on all issues herein.

/

/

/

/

/

/

WHEREFOR, plaintiffs THOMAS FEELEY and DIANE FEELEY pray that after due proceedings herein that there be judgment in their favor and against the Named Defendants, jointly and severally, for damages as are reasonable under the premises, including punitive damages, attorney's fees, interest and costs, and for all other general and equitable relief.

New Haven, Connecticut, this 11th day of February, 2008.

RESPECTFULLY SUBMITTED:

THE PLAINTIFFS

EARLY LUDWICK & SWEENY, LLC
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT 06508-1866
Telephone (203) 777-7799
Telecopier (203) 785-1671

By: ______________________
Robert J. Sweeney, Esq.
R.I. Bar Roll No. 5865
Brian P. Kenney, Esq.
R.I. Bar Roll No. 7217
Richard P. Bullock, Esq.
Louisiana Bar Roll No. 20733
(Pursuant to Pro Hac Motion)
Donni E. Young, Esq.
Louisiana Bar Roll No. 19843
(Pursuant to Pro Hac Motion

A TRUE COPY
ATTEST: [signature]

T. JERRY JULIANO
STATE MARSHAL
NEW HAVEN COUNTY
AN INDIFFERENT PERSON

**T. JERRY JULIANO**
*State Marshal*
396 Orange Street
New Haven, CT 06511

7007 0710 0003 6026 2010

UNITED STATES POSTAGE
PITNEY BOWES
$ 005.38⁰
02 1P
0002566460 FEB 20 2008
MAILED FROM ZIP CODE 06511

The Secretary
Viad/Griscom Russel
c/o Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

1980181120 C007