318238

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THOMAS FEELEY AND DIANE FEELEY,

Plaintiffs,

v.

VIAD Corp for Griscom-Russell, et al.,

Defendants.

CIVIL ACTION NO.: 08-176

## NOTICE OF FILING OF TAG-ALONG NOTICE

NOTICE IS HEREBY GIVEN that, pursuant to 28 U.S.C. § 1407, defendant VIAD Corp's counsel filed the attached notice of tag-along and supporting documents with the Judicial Panel on Multidistrict Litigation on September 16, 2008. See Notice of Tag-Along Action, a true and correct copy of which is attached hereto as Exhibit A.

VIAD CORP
By its Attorney,

Stephen Adams
R.I. Bar No. 5577
sadams@taylorduane.com
TAYLOR DUANE BARTON & GILMAN, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903
(401) 273-7171
(401) 273-2904 – Fax

Date: September 16, 2008

**CERTIFICATE OF SERVICE**

I, Stephen Adams, attorney for the defendant, Viad Corp., hereby certify that on September 16, 2008, I served a copy of the Notice of Filing of Tag-Along Notice electronically through the United States District Court for the District of Rhode Island's electronic filing system and by first class mail, on all Counsel of record.

Stephen Adams

# EXHIBIT A

318235

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS LITIGATION
(NO. VI)
THIS DOCUMENT RELATES TO

CIVIL ACTION NO.: MDL 875

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS FEELEY AND
DIANE FEELEY,

Plaintiffs,

v.

VIAD Corp for Griscom-Russell, et al.,

Defendants.

CIVIL ACTION NO.: 08-176

NOTICE OF TAG-ALONG ACTION

PLEASE TAKE NOTICE THAT on July 29, 1991, the Judicial Panel on Multidistrict Litigation entered an order transferring all asbestos cases pending in federal court to the United States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S. C. § 1407 ("MDL Transfer Order"). That order also applies to "tag-along actions," or actions involving common questions of fact filed after the January 17, 1991 filing of the Panel's Order to Show Cause. MDL Rule 7.5(e) provides:

> Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which the counsel appears.

The undersigned hereby notifies the Court that this case is a potential "tag-along action" which may be subject to transfer to the Eastern District of Pennsylvania. A copy of the Complaint is annexed hereto as Exhibit 1 for the Court's convenience. The Clerk of the Panel may either: 1) enter a conditional transfer order pursuant to MDL Rule 7.4(a), or 2) file an order to show cause why the action should not be transferred, pursuant to MDL Rule 7.3(a).

VIAD CORP.
By its Attorney,

Stephen Adams
R.I. Bar No. 5577
sadams@taylorduane.com
TAYLOR DUANE BARTON & GILMAN, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903
(401) 273-7171
(401) 273-2904 – Fax

Date: September 16, 2008

Mailed to: Jeffrey Luthi
Clerk of the Panel
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE
Room G-225, North Lobby
Washington, DC 2002-8004

## CERTIFICATE OF SERVICE

I, Stephen Adams, attorney for the defendant, Viad Corp., hereby certify that on September 16, 2008, I served a copy of this Notice of Tag-Along Action, via first class mail, on all Counsel of record

Stephen Adams

# EXHIBIT 1

IN THE SUPERIOR COURT

FOR THE COUNTY OF PROVIDENCE

STATE OF RHODE ISLAND

THOMAS FEELEY and
DIANE FEELY

CIVIL NO. PC- 08-0836

VERSUS

BUFFALO PUMPS, INCORPORATED,
GARLOCK SEALING TECHNOLOGIES, LLC, as successor
by merger to GARLOCK INCORPORATED f/k/a/
GARLOCK CORPORATION
GENERAL ELECTRIC COMPANY
PACKINGS & INSULATIONS CORPORATION,
PIC CONTRACTORS, INCORPORATED,
TACO, INCORPORATED
VIAD CORPORATION for GRISCOM RUSSEL

JURY TRIAL
DEMANDED

**COMPLAINT FOR DAMAGES**

The complaint of THOMAS FEELEY and DIANE FEELEY, husband and wife, respectfully represents:

1.

Each of the defendants named in the caption above has conducted business in the State of Rhode Island and has produced, manufactured, or distributed asbestos and/or asbestos containing products with the reasonable expectation that such products would be used or consumed in this State.

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUDWICK & SWEENEY, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

2.

Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed (including any claim arising from an act or omission on a federal enclave, or of any federal officer of the U.S. or any agency or person acting under him occurring under color of such office). No claim of admiralty or maritime law is raised. Plaintiffs sue no foreign state or agency. Venue is proper in this court.

3.

Plaintiffs specifically do not assert herein a claim for relief or cause of action for damages:

(A) Against the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress, Treaties or Constitution of the United States of America.; and/or

(B) Against any Defendant named herein where (1) said Defendant acted under the direction, order, specification, and/or comprehensive and detailed regulation of a federal officer or federal agency in the performance of its contract duties; and (2) there is a causal nexus between said claim or cause of action for damages and the federal officer or federal agency=s direction, order, specification, and/or comprehensive and detailed regulation in the performance of the Defendant=s contract duties.

4.

The federal courts lack subject matter jurisdiction over this action as there is no federal question and incomplete diversity of citizenship due to the presence of a Rhode Island defendant.

5.

Plaintiff THOMAS FEELEY was exposed to various asbestos containing products beginning in the 1960's through his use of products manufactured, sold or distributed by the named defendants, including but not limited to exposure occurring through his service in the

U.S. Navy and his work as a plant worker with the Gould / Allied Control in Plantsville, Connecticut and Pratt & Whitney Aircraft in North Haven, Connecticut.

6.

As a result of the exposure to asbestos related products of the named defendants, plaintiff contracted asbestos-related mesothelioma and/or other asbestos-related pathologies.

7.

Named defendants, individually, and through their agents, employees, and/or distributors sold these asbestos containing products to plaintiff, plaintiff's employer, and/or others working with these products around plaintiff.

8.

At all times relevant hereto, the asbestos containing products sold by defendants to plaintiff and/or third parties reached the plaintiff without any substantial change in their condition from the time they were sold.

9.

Defendants instructed and intended that asbestos containing products would be used in conjunction with or incorporated in their products so as to render the entire product unsafe for its intended purposes.

10.

Defendants knew or should have known that the asbestos containing products sold by them, incorporated into their products and/or designed for use with their products, were inherently dangerous to those who used, handled or came in contact with said products.

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUDWICK & SWEENEY, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

11.

Defendants failed to provide proper, adequate and correct warnings and information about the dangers associated with the use of their products.

12.

Defendants breached their continuing duty to advise and warn plaintiff and others reasonably expected to come into contact with their products as to the dangers inherent in the unsafe handling and use of asbestos containing products sold by them, incorporated into their products, or intended to be used with their products.

13.

Defendants actions represent a breach of the duty of reasonable care under the common law of the State of Rhode Island and of their duties to plaintiff under the Restatements, Torts 2d, Section 402A.

14.

Additionally, in the sale of the asbestos containing products, named defendants breached their warranties of merchantability and implied fitness found in R.I. G.L.§ 6A-2-314 and 315, in that the produces were inherently dangerous in the form they left the seller, were not fit for their ordinary purpose and/or were unsafe without directions and warnings as to their anticipated use by plaintiff and any person who may be reasonably expected to use, consume or be affected by the products.

15.

Defendants, individually and as agents of one another, engaged in a conspiracy to injure plaintiff by failing to disclose knowledge they had or intentionally misrepresenting the dangers of exposure to asbestos and asbestos containing products.

16.

As a result of the above acts of negligence, breaches of duties under the Restatement, Torts 2d, Section 402A, and breaches of the warranties of merchantability and implied fitness, plaintiff sustained severe, painful and permanent injuries proximately caused by named defendants conduct.

17.

In addition to damages for physical and mental pain and suffering, plaintiff has suffered medical expenses, loss of earning capacity, lost wages, lost future wages, and future medical expenses.

18.

Plaintiff DIANE FEELEY joins this suit as party plaintiff to assert a claim for loss of consortium, including but not limited to loss of services, lover and affection and other benefits of the marital relationship, suffered a result of the breach of defendants' duties set forth above.

19.

Plaintiffs demand trial by jury on all issues herein.

/

/

/

/

/

/

WHEREFOR, plaintiffs THOMAS FEELEY and DIANE FEELEY pray that after due proceedings herein that there be judgment in their favor and against the Named Defendants, jointly and severally, for damages as are reasonable under the premises, including punitive damages, attorney's fees, interest and costs, and for all other general and equitable relief.

New Haven, Connecticut, this 11th day of February, 2008.

RESPECTFULLY SUBMITTED:

THE PLAINTIFFS

EARLY LUDWICK & SWEENY, LLC
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT 06508-1866
Telephone (203) 777-7799
Telecopier (203) 785-1671

By: ______________________
Robert J. Sweeney, Esq.
R.I. Bar Roll No. 5865
Brian P. Kenney, Esq.
R.I. Bar Roll No. 7217
Richard P. Bullock, Esq.
Louisiana Bar Roll No. 20733
(Pursuant to Pro Hac Motion)
Donni E. Young, Esq.
Louisiana Bar Roll No. 19843
(Pursuant to Pro Hac Motion